RYNO v. CRAWFORD. (Supreme Court, Appellate Division, Second Department. June 2, 1911.) Appeal from Municipal Court, Borough of Brooklyn, Fourth District. Action by Frank Ryno against Hannah Crawford. From a Municipal Court order setting aside a verdict for defendant and granting a new trial, defendant appeals. Affirmed. See 127 N. Y. Supp. 1142. Michael J. Horan, for appellant. Samuel Meyers, for respondent.

PER CURIAM. Order of the Municipal Court affirmed, with costs.

BURR, J. (dissenting). This is an appeal from an order of the Municipal Court setting aside the verdict of a jury in favor of the defendant and granting a new trial. After the verdict plaintiff's counsel made a motion for a new trial, which was denied. Subsequently, and more than five days from the time the judgment was rendered, and apparently without obtaining leave to renew, a second motion to set aside the verdict and for a new trial was made, and it is from the order granting such motion that this appeal is taken. Counsel for the appellant contends that the judge was without power to entertain the motion. Municipal Court Act (Laws 1902, c. 580) § 254. In view of the stipulation made by defendant's counsel, and which is a part of the record in this case, it is clear that any objection to the jurisdiction of the judge to hear the same was waived, and we therefore proceed to consider the order upon its merits. As to many of the facts upon which this controversy depends, there is no dispute. On July 29, 1910, plaintiff was standing in front of 102 Wooster street, in the borough of Manhattan, with his back to the curb, with one foot on the lower step of the stoop of the building, and one foot on the sidewalk against the step. He was talking with a man who was sitting upon the stoop. While thus standing, a truck belonging to defendant, and under the control of her servant, backed up to the curb, and the driver of the truck, with the assistance of one of the employés of the persons occupying the store, began to unload the truck. Five heavy cases had been taken from the truck and placed upon the sidewalk. As the sixth case was taken down and struck the sidewalk, it toppled over, and the edge of the case struck the plaintiff in the ankle. There was no evidence of any carelessness on the part of the driver in removing the case, unless such carelessness

could be inferred from the fact that the case fell. It appeared that defendant's driver made use of a hook, in unloading the cases, which is the customary appliance for that purpose, and there is no evidence that there was lack of proper assistance. Upon all of the evidence the jury determined that the fall of the case was due to an unavoidable accident, for which the defendant is not responsible, and I think that this finding was justified. In addition, defendant's witnesses testified (and the jury were justified in believing them) that when the driver began to unload the truck he called out to the plaintiff and warned him to look out. Notwithstanding this, it appears that he did not move, but continued his conversation. It is true that plaintiff stated that he did not hear the warning; but the testimony was to the effect that it was audibly given, and the jury were justified in believing that the plaintiff did hear it, and paid no attention to it.. I think the order setting the verdict aside should be reversed, with costs, and judgment rendered on the verdict in favor of the defendant.